ACCEPTED
06-16-00074-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
10/13/2016 11:30:53 AM
DEBBIE AUTREY
CLERK

NO. _____

IN RE RUBY BRITT., RELATOR

RESPONDENT:  HON. WILL BIARD, PRESIDING JUDGE
62ND JUDICIAL DISTRICT, LAMAR COUNTY, TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
10/13/2016 11:30:53 AM
DEBBIE AUTREY
Clerk

IN THE COURT OF APPEALS
FOR THE SIXTH DISTRICT OF TEXAS
AT TEXARKANA

RUBY BRITT (Relator/Plaintiff)
Vs.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
(Real Party in Interest/Respondent)

TRIAL COURT CASE NUMBER 10919 62nd JUDICIAL DISTRICT COURT

PETITION FOR WRIT OF MANDAMUS

MICHAEL D. MOSHER
STATE BAR NO. 14580100
ROLAND A. MOSHER
STATE BAR NO. 24098147
THE LAW OFFICE OF
MICHAEL D. MOSHER
50 NORTH MAIN
PARIS, TEXAS   75460
(903) 785-4721 TELEPHONE
(903) 785-5319 FAX

NO ORAL ARGUMENT REQUESTED

# NAMES OF THE PARTIES

Relator :                                    Ruby Britt

Counsel for Relator:                         Michael D. Mosher
                                             Roland A. Mosher
                                             The Mosher Justice Center
                                             50 North Main Street
                                             Paris, Texas   75462
                                             (903) 785-4721 Telephone
                                             (903) 785-5319 Fax

Respondent:                                  Honorable Judge Will Biard
                                             Judge of the 62nd District Court
                                             Lamar County, Texas
                                             119 North Main Street
                                             Paris, Texas   75460
                                             (903) 737-2434 Telephone
                                             (903) 737-2483 Fax

Real Party in Interest :                     State Farm Mutual Automobile
                                             Insurance Company

Counsel for Real Party in Interest:          Stephen W. Johnson
                                             Cynthia W. Cole
                                             Stephen W. Johnson and Associates, PC
                                             Founders Square
                                             900 Jackson Street, Suite 120
                                             Dallas, Texas   75202
                                             214/748-4747 Telephone
                                             214/748-3191 Fax

# TABLE OF CONTENTS

NAMES OF THE PARTIES ............................................................................. i

TABLE OF CONTENTS ............................................................................... ii

TABLE OF AUTHORITIES ........................................................................... iii

STATEMENT OF THE CASE .......................................................................... 1

STATEMENT OF JURISDICTION .................................................................... 1

STATEMENT REGARDING ORAL ARGUMENT ............................................. 1

ISSUES PRESENTED .................................................................................... 1

STATEMENT OF FACTS ............................................................................... 2

STATEMENT OF ARGUMENT ...................................................................... 2

ARGUMENT ................................................................................................. 2

     1.  The Granting of State Farm's Motion for New Trial was An Abuse of Discretion .. 4

     2. Plaintiff's Have No Adequate Remedy on Appeal ..................................... 6

CONCLUSION AND PRAYER ........................................................................ 6

CERTIFICATION .......................................................................................... 7

CERTIFICATE OF SERVICE ........................................................................ 8

APPENDIX .................................................................................................... 9

# TABLE OF AUTHORITIES

**<u>CASES</u>:**                                                                                            **<u>PAGE #</u>**

Craddock v. Sunshine Bus Lines, Inc.,
    133 S.W.2d 124, 126 (Tex. 1939) (orig. proceeding) ........................................ 4

Cummins v. Paisan Constr. Co.,
    682 S.W.2d 235, 236 (Tex. 1984) ........................................ 6

Cummins v. Paisan Constr. Co.,
    682 S.W.2d 323, 325 (Tex. App. – Houston [1st District] 1984 (Pet. granted) .............. 6

In re Colombia Med. Ctr. of Las Colinas,
    290 S.W.3rd. 204 (Tex. 2009) ........................................ 6

In re McAllen Med. Ctr., Inc.,
    275 S.W.3d 458 (Tex. 2008) (orig. proceeding) ........................................ 3

In re Prudential Ins. Co. of Am.,
    148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding) ........................................ 3

Ivy v. Carrell,
    407 S.W.2d 212, 214 (Tex. 1966) ........................................ 4

Seib v. Bekker,
    964 S.W.2d 25, 28 (Tex. App.--Tyler 1997, no pet.) ........................................ 4

Walker v. Packer,
    827 S.W.3d 833, 839-40 (Tex. 1992) (orig. proceeding) ........................................ 3

Webster v. Allstate Ins. Co.,
    833 S.W.2d 747, 750 (Tex. App.--Houston [1st Dist.] 1992, no writ) ........................................ 5

## STATUTES

Texas Government Code Sections 22.207 and 22.221 ........................................ 1

## STATEMENT OF THE CASE

1. The underlying case is an underinsured motorist claim in Lamar County, Texas. It is Cause No. 10919, entitled "Ruby Britt vs. State Farm Mutual Automobile Insurance Company," in the County Court at Law, Lamar County, Texas.

2. Respondent is the Hon. Will Biard, Judge of the 62nd District Court of Delta County, Texas.

3. Following the hearing on June 3rd, 2016, the Respondent granted Motions to Set Aside the Default Judgment against State Farm and Motion for New Trial by Jury.

4. Respondent should be compelled to reverse himself and deny the motions granted on June 3rd, 2016, reinstating the default judgment against State Farm.

## STATEMENT OF JURISDICTION

This Court has jurisdiction over this petition for a writ of mandamus as provided for by Section 22.207 and Section 22.221 of the Texas Government Code.

## STATEMENT REGARDING ORAL ARGUMENT

Relators feels that oral argument always improves the Court's understanding of the issues and counsel's briefing the issue can often, without being aware of it, leave issues unclear and oral argument solves those problems. Therefore, Relator requests oral argument.

## ISSUES PRESENTED

1. Granting the June 3rd, 2016 motions for new trial and to set aside default judgment was an abuse of discretion because State Farm failed to plead and prove a meritorious defense.

Page 1                                         1

2.     Relator has no recourse at appeal because the motion for new trial was granted during respondent's plenary period.

## STATEMENT OF FACTS

On October 15, 2015, Ruby Britt filed Plaintiff's Original Petition complaining of State Farm Mutual Insurance Company. *See* attached Affidavit of Roland A. Mosher, Ex. 3. The petition laid out the facts for an underinsured motorist coverage claim against State Farm Mutual Automobile Insurance Company stemming from accident that occurred on July 5, 2011. Mosher Aff., Ex. 3. Page 3. Ruby Britt made demand on State Farm for compensation under her underinsured motorist coverage in a letter dated February 19, 2015. Aff. Ex. 3. Page 4. State Farm denied her coverage in a letter dated March 26, 2015. *Id.*

After State Farm failed to file a response to Ruby Britt's petition, she obtained a default judgment in the 62nd Judicial District of Delta County in front of Judge Biard on April 15, 2016. Aff. Ex. 6. Defendant State Farm filed Defendant's Motion to Set Aside April 15, 2016 Default Judgment And Motion For Trial By Jury. Aff. Ex. 1. The Motion and attendant affidavit did not contain any mention of a meritorious defense. Aff. Ex. 1. They repeatedly assert that State Farm's failure to answer was the result of a mistake and not the result of conscious indifference. Id. However, the only mention of a factual basis that could even portend to amount to a meritorious defense is the reference to the fact that the pleadings of the plaintiff were not verified. For reasons set out below, the lack of verification of the pleadings is not a meritorious defense.

At the hearing on Defendant's Motion, State Farm Asserted that the Statute of Limitations on Ruby Britt's claim ran on July 6, 2015. Aff. Ex. 2, pg. 3, line 13. However, since

Page 2                                    2

it is an underinsured motorist claim, the statute begins to run when denial of coverage occurs. Ruby Britt received her denial of coverage letter on March 26, 2015. Aff. Ex. 2, pg. 3, line 12. At the hearing the court granted the motion to vacate the default judgment.[1] Aff. Ex. 5. The judge, in granting the default judgment, also ordered Defendant State Farm Mutual Insurance Company to pay $1,500.00 in attorney's fees.[2] Aff., Ex. 2, pg. 8, line 10.

## SUMMARY OF ARGUMENT

In order to be entitled to a motion for new trial, Defendant State Farm Insurance was unequivocally required to plead and prove a meritorious defense. They did neither. As a consequence, the motion for new trial should have been denied and plaintiffs have now been left with no adequate remedy on appeal. This court should direct Judge Will Baird to reverse himself and deny Plaintiff's motion for new trial.

## ARGUMENT

In order to be entitled to the mandamus relief, a petitioner must show that trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458 (Tex. 2008) (orig. proceeding). The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against its detriments. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). The trial court abuses its discretion if it reach a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law. *Walker v. Packer*, 827 S.W.3d 833, 839-40 (Tex. 1992) (orig. proceeding).

---

[1]At that time, counsel requested a transcript of the hearing. Counsel followed up several times. The transcript was not provided until September 6, 2016. Aff., Ex. 7.

[2]State Farm has yet to send a check. Aff., ¶ 11.

**1.    The Granting of State Farm's Motion for New Trial was An Abuse of Discretion.**

The law affecting the court's decision was clear, as was its error. A default judgement should be set aside where the defendant 1) demonstrates that the failure to answer before judgement was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; 2) provided that the motion for new trial sets up a meritorious defense and 3) is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. *Craddock v. Sunshine Bus Lines, Inc.* 133 S.W.2d 124, 126 (Tex. 1939) (orig. proceeding). The setting "up a meritorious defense" element is determined based on the movant's motion and supporting affidavits. *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966). If those motions and affidavit set forth facts which constitute in law a meritorious defense, then the second element of the *Craddock* test has been met. *Id.*

Defendant's motion and affidavits failed to set up a meritorious defense. There is no meritorious defense even alleged anywhere within Defendant's Motion To Set Aside or attached affidavit. The only thing in the motion that could even have been an attempt at setting up a a "meritorious defense" is the assertion that the default judgement should be set aside because the pleadings were not verified. *See* Exhibit 1 to Affidavit of Roland A. Mosher, Attached. But there is no such requirement in pleading and *Sieb v. Bekker*, the case cited for this proposition by the defense, has nothing to do with verified pleadings. *Seib v. Bekker*, 964 S.W.2d 25, 28 (Tex. App.--Tyler 1997, no pet.). It is concerned with verified return of service, and defendant has acknowledged service in their motion and affidavit. *Id.*; *See* Ex. 1 to Aff of Roland Mosher. The default judgement was granted at a hearing after testimony was presented on the plaintiff's

claims and their damages. As such, there is no requirement that the pleadings be verified in order to sustain the judgement. This proposition by the defense is not "meritorious".

The requirement in *Ivy* that the defendant's meritorious defense be set up on the basis of the motion and its attendant affidavit is explicit. Defendant's failure to present a meritorious defense is fatal to their motion for new trial. Full Stop. Do not pass go. Do not collect 200 dollars. Despite this, the trial court evidently considered testimony regarding a meritorious defense that was not presented in the motion or its attendant affidavit.

During the hearing, State Farm's attorney represented to the court that Plaintiff's claim was past the statute of limitations. This, were it presented to the court properly, (which it wasn't) and were it a legitimate claim (which it is not) could conceivably be interpreted as a meritorious defense. A claim that is past the statute of limitations is a question of law, and not fact. As such, it is reviewable de novo by an appellate court. The facts suggested to the court by State Farm's attorney, taken in the light most favorable to the defendant, do not establish a meritorious defense. Plaintiff's accident happened on July 5, 2011. *See* Affidavit of Roland Mosher, Exhibit 2 page 3, line 11. State Farm's representative acknowledged that denial of coverage from State Farm occurred on March 26, 2015. *Id.* State Farm's attorney then alleged to the judge that the Statute of Limitations ran on July 6, 2015. *Id.* at line 13. It did not. Plaintiff's claim is one for underinsured motorist coverage. Such a claim begins to run once a denial of coverage is made. *Webster v. Allstate Ins. Co.*, 833 S.W.2d 747, 750 (Tex. App.--Houston [1st Dist.] 1992, no writ). Rather than expiring on July 6, 2015 as suggested by State Farm's attorney, Plaintiff's claim was in fact only five months old. Even if this court could consider such evidence, no meritorious defense was presented at the hearing on the motion for new trial.

Page 5                                    5

## 2. Plaintiff's Have No Adequate Remedy on Appeal.

Mandamus is an appropriate remedy where a trial judge abuses its discretion in the granting of a new trial. See *In re Colombia Med. Ctr. of Las Colinas* 290 S.W.3rd. 204 (Tex. 2009). Were an appellate court reviewing the decision of a trial judge to grant a motion for new trial after a default judgment capable of receiving such a decision, it would look to whether the proof was sufficient in law to enable the trial judge to make the necessary findings that support his decision. *Cummins v. Paisan Constr. Co.,* 682 S.W.2d 323, 325 (Tex. App. – Houston [1st District] 1984 (Pet. granted). However, where a trial court judge grants a new trial from a default judgment within his plenary period, that order is not subject to appeal from a final judgement rendered after further proceedings. *Cummins v. Paisan Constr. Co.* 682 S.W.2d 235, 236 (Tex. 1984). Relators have no other remedy than mandamus.

Here, there are no facts that would support the granting of a motion for new trial and this court should grant the writ of mandamus.

## CONCLUSION AND PRAYER

For these reasons, Relators respectfully request that the Court grant this Petition for Writ of Mandamus and direct Respondent to immediately reverse himself and deny Defendant's motion for new trial in accordance with the petition.

Respectfully submitted,

THE MOSHER JUSTICE CENTER

_____

MICHAEL D. MOSHER
STATE BAR NO. 14580100
ROLAND A. MOSHER
STATE BAR NO. 24098147
THE MOSHER JUSTICE CENTER
50 NORTH MAIN
PARIS, TEXAS 75460
(903) 785-4721 TELEPHONE
(903) 785-5319 FAX
mdm@mosherjusticectr.com
ram@mosherjusticectr.com

DATE 10/13/11

## CERTIFICATION

The undersigned counsel hereby certifies that he has reviewed the petition and every

factual statement in the response is supported by competent evidence included in the Appendix

or record.

_____

Roland A. Mosher

## CERTIFICATE OF SERVICE

On the ___13th___ day of ___October___, 2016, a true and correct copy of the

foregoing document was delivered to Judge Will Biard, 62nd District Court, Lamar County

Courthouse, 119 North Main Street, Paris, Texas   75460.

_____

Roland A. Mosher

# APPENDIX

Affidavit of Roland A. Mosher with the following attachments:

1. Defendant's Motion to Set Aside April 15, 2016 Default Judgment and Motion for Trial by Jury

2. Reporter's Record of June 3, 2016 Hearing

3. Plaintiff's Original Petition

4. Reporter's Record of Default Judgment Hearing April 15, 2016

5. Order Granting Defendant's Motion to Set Aside April 15, 2016 Default Judgment and Motion for Trial By Jury

6. Default Judgment April 15, 2016

7. August 26, 2016 letter to Anna Upchurch and the September 6, 2016 e-mail from Anna Upchurch regarding the transcripts

## AFFIDAVIT OF ROLAND A. MOSHER

**THE STATE OF TEXAS** )
                          )
**COUNTY OF LAMAR** )

BEFORE ME, the undersigned authority, on this day personally appeared Roland A. Mosher, who after being first duly sworn deposes and says:

Before me, the undersigned authority, on this day personally appeared Roland A. Mosher, who, after by me being duly sworn, deposed and said:

1. "My name is Roland A. Mosher and I am counsel for the Relator in the above captioned action. I am fully familiar with all the facts stated in this affidavit and they are based on personal knowledge and they are all true and correct.

2. Attached as Exhibit "1" to this affidavit is a true and correct copy of Defendant's Motion to Set Aside April 15, 2016 Default Judgment and Motion For Trial By Jury, filed by State Farm Mutual Automobile Insurance Company in Cause No. 10919 in the 62nd Judicial District of Delta County.

3. Attached as Exhibit "2" to this affidavit is a true and correct copy of the transcript of the June 3, 2016 hearing of Defendant's Motion to Set Aside Default Judgment and Motion for New Trial in Cause No. 10919 in the 62nd Judicial District of Delta County.

4. Attached as Exhibit "3" to this affidavit is a true and correct copy of Plaintiff's Original Petition filed in Cause No. 10919 in the 62nd Judicial District of Delta County.

5. Attached as Exhibit "4" to this affidavit is a true and correct copy of the transcript of the April 15, 2016 Default Judgment granted in Cause No. 10919 in the 62nd Judicial District of Delta County.

8.      Attached as Exhibit "5" to this affidavit is a true and correct copy of Order Granting Defendant's Motion to Set Aside April 15, 2016 Default Judgment and Motion for Trial By Jury in Cause No. 10919 in the 62nd Judicial District of Delta County.

9.      Attached as Exhibit "6" to this affidavit is a true and correct copy of the Default Judgment in Cause No. 10919 in the 62nd Judicial District Delta County.

10.      Attached as Exhibit "7" to this affidavit is a true and correct copy of the August 26, 2016 letter to Anna Upchurch and the September 6, 2016 e-mail from Anna Upchurch regarding the transcripts.

11.      Our office has yet to receive a check for the $1,500 in attorney's fees from State Farm. "

Signed on the __10 th__ day of October, 2016.

_____
Roland A. Mosher

SUBSCRIBED AND SWORN TO BEFORE ME, on the ___13 th___ day of October, 2016, to certify which witness my hand and official seal.

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

KATHI G. CUNNINGHAM
Notary Public
STATE OF TEXAS
My Comm. Exp. March 30, 2017

# EXHIBIT "1"

Filed: 5/10/2016 3:50:00 PM
Accepted: 5/10/2016 4:06:18 PM
Jane Jones
Clerk, County/District Court
Delta County, Texas
Grace Crabb

CAUSE NO. 109 **COPY**

| | | |
|---|---|---|
| RUBY BRITT | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | DELTA COUNTY, TEXAS |
| | § | |
| STATE FARM MUTUAL AUTOMOBILE | § | |
| INSURANCE COMPANY | § | 62ND JUDICIAL DISTRICT |

## DEFENDANT'S MOTION TO SET ASIDE APRIL 15, 2016
## DEFAULT JUDGMENT AND MOTION FOR TRIAL BY JURY

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** State Farm Mutual Automobile Insurance Company, the Defendant herein, and files this, its Motion to Set Aside April 15, 2016 Default Judgment and Motion for Trial by Jury, and would show the following:

1.

The Plaintiff filed the above captioned and numbered lawsuit in the 62nd Judicial District Court in Delta County on October 15, 2015, said litigation arising as a result of a motor vehicle accident which occurred on July 5, 2011 in Delta County, Texas. The plaintiff and her spouse filed a lawsuit against the tort-feasor, Herbert Parsons, for a total of $25,000.00. Plaintiff Britt alleges that her injuries (physical and mental injuries, pain and suffering, medical expenses, property damage to her vehicle and past and future lost wages) are a result of the July 5, 2011 accident. The plaintiff further alleges that her damages were substantial and far exceeded the minimal coverage provided by the Parson policy, and that, as a result of those injuries, she is entitled to compensation from her contract for underinsured motorist coverage from the Defendant. The Plaintiff states that on February 19, 2015, she made demand on Defendant State Farm for compensation under the underinsured motorist coverage policy with State Farm and states further that State Farm denied that coverage in a letter dated March 26, 2015.

2.

On April 15, 2016, the Plaintiff filed a Certificate of Last Known Address of State Farm Mutual Automobile Insurance Company, with that address being Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

3.

On April 15, 2016, the Court entered a Default Judgment, ordering that the plaintiff recover the sum of $55,000.00 from the Defendant, with $5,000 of that sum representing payment of attorney's fees. Additionally, the Court ordered that the plaintiff recover prejudgment interest at the rate of five percent (5%) per annum and post-judgment interest thereon at the rate of five percent (5%) per annum from the Defendant from the date of rendition of Judgment until paid, with all court costs to be taxed against the Defendant.

4.

On March 10, 2016, State Farm Mutual Automobile Insurance Company was served with the Petition and Citation of the plaintiff via service through Corporation Service Company. On April 25, 2016, State Farm Mutual Insurance Company was served with the Default Judgment through Corporation Service Company.

5.

This Defendant requests that the Court set aside the April 15, 2016 Default Judgment for the reason that it was entered as a result of this Defendant's failure to make an appearance in these proceedings. This Defendant states that its failure to respond to the petition of the plaintiff was the result of a clerical error and/or misunderstanding and did not result from the Defendant's indifference and/or ignoring the lawsuit filed against it.

The Texas Supreme Court has repeatedly confirmed that:

A default judgment should be set side and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. *Craddock v. Sunshire Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939); *see also Bank One, Texas, N.A. v. Moody*, 830 S.W.2d 81, 85 (Tex. 1992).

The first element of *Craddock* is the establishment that the failure to answer was due to an accident or mistake, not intentional or due to conscious indifference. *Estate of Pollack v. McMurrey*, 858 S.W.2d 388, 391 (Tex. 1993).

6.

The motion for new trial and motion to set aside a default judgment must set forth facts which, if true, would establish no intentional or conscious indifference in failing to answer. *Holt Atherton Indus, Inc.*, 835 S.W.2d at 83 (statement that failure to file an answer was due to accident or mistake is merely a conclusory allegation and does not meet the first part of the *Craddock* test.

If the affidavit filed in support of movant sets forth uncontroverted facts, movant has met the burden on the first element of *Craddock*. *Lara v. Rosales*, 159 S.W.3d 121, 124 (Tex. App. --- Corpus Christi-Edinburg 2004, pet. denied); *Strackbein v. Prewitt*, 671 S.W.2d 37, 38-39 (Tex. 1984).

As one appellate court has recognized, "[t]he decisions are not harmonious concerning the type of mistake which is sufficient to show that the failure to answer was not intentional or due to conscious indifference." *Joiner v. Amsav Group, Inc.*, 760 S.W.2d 318, 320 (Tex. App. --- Texarkana 1988, writ denid); *accord Gotcher v. Barnett*, 757 S.W.2d 398, 401 (Tex.App.

--- Houston [14th Dist.] 1988, no writ) (cases have established "no criterion" for distinguishing accidental or mistaken failure to answer from intentional or consciously indifferent failure). The Supreme Court has emphasized, however, that the standard is conscious indifference and not negligence. *See Levin v. Shackelford, Melton & McKinley, L.L.P.,* 248 S.W.3d 166, 168 (Tex. 2008). For the defaulted defendant's negligence to rise to the level of conscious indifference, it must be shown that the defendant was clearly aware of the situation and acted contrary to what such awareness dictated. *See Guardsman Life Ins. Co. v. Andrade,* 745 S.W.2d 404, 405 (Tex. App. --- Houston [1st Dist.] 1987, writ denied). Conscious indifference means failing to take some action which would seem indicated to a person of reasonable sensibilities under similar circumstances. *21st Century Home Mtg. v. City of El Paso,* 281 S.W.3d 83, 86 (Tex. App. --- El Paso 2008, no pet.).

7.

The relief available to the Defendant to correct, modify or reform the judgment is the filing of a motion for new trial and the setting aside of the default judgment. *Ritter v. Wiggins,* 756 S.W.2d 861, 863 (Tex. App. --- Austin, 1988, no writ) After the default judgment is set aside, the suit remains pending on the trial court's docket for trial on the merits. *Id.* The Defendant is not entitled to affirmative relief on the merits based on a motion for new trial. *Id.* Once the trial court has granted a new trial, the court's plenary power is fully restored until another order is entered that would start the clock running on such plenary power. *See In re Baylor Medical Ctr.,* 280 S.W.3d 227, 231 (Tex. 2008).

8.

The Defendant states that the setting aside of the default judgment would not cause a delay or otherwise injure the plaintiff. Upon the filing of this motion by the Defendant, it becomes the burden of the plaintiff to provide proof of injury. *Angelo v. Champion Rest. Equip. Co.,* 713 S.W.2d 96, 98 (Tex. 1986). A plaintiff's loss of the economic benefit derived from the entry of the default judgment does not constitute hardship or delay that will bar the granting of a new trial. *Jackson v. Mares,* 802 S.W.2d 48, 52 (Tex. App. --- Corpus Christi 1990, writ denied).

9.

This Defendant is preparing and willing to move forward with written discovery, depositions, mediation and trial of this matter; therefore, the plaintiff is not prejudiced by any delay. *Cont'l Cas. Co. v. Hartford Ins.,* 74 S.W.3d 432, 436 (Tex. App. --- Houston [1st Dist.] 2002, no pet.).

10.

Defendant further states that the default judgment should be set aside for the reason that the pleadings of the plaintiff were not verified. *Seib v. Bekker,* 964 S.W.2d 25, 28 (Tex. App.--- Tyler 1997, no pet).

11.

This Defendant respectfully states that its failure to make an appearance in this matter was a result of a mistake, and was not a result of conscious indifference. The Defendant states that judicial equity and fairness requires the setting aside of the default judgment entered in this lawsuit, and the setting of this matter for trial on the Court's jury docket.

This Defendant attaches hereto and incorporates herein by reference the Affidavit of Kimberly Boudreaux, Team Manager of State Farm Insurance Company. The deponent is the person possessing the most knowledge of the facts and circumstances involved in this lawsuit.

**WHEREFORE, PREMISES CONSIDERED,** Defendant State Farm Mutual Automobile Insurance Company, prays that this Court set aside the Default Judgment entered by this Court on April 15, 2016; that the Court grant this Defendant's motion for jury trial; that this lawsuit be scheduled on the Court's jury trial docket; and that the Defendant have such other and further relief, both at law and in equity, to which it may show herself justly entitled and will ever pray.

Respectfully submitted,

STEPHEN W. JOHNSON AND ASSOCIATES, P.C.
Founders Square
900 Jackson Street, Suite 120
Dallas, Texas 75202
Phone:        214-748-4747
Fax:          214-748-3191

By:   /s/ Cynthia W.. Cole
        CYNTHIA W. COLE
        ccole@johnsonrobinson.com
        State Bar No. 24035579
        STEPHEN W. JOHNSON
        swjohnson@johnsonrobinson.com
        State Bar I.D. No. 10794000

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on the following counsel of record, as indicated below, on this, the 10th day of May, 2016:

*Service via eFileTexas.gov:*    mdm@mosherjusticectr.com

Mr. Michael D. Mosher
The Law Office of Michael D. Mosher
The Mosher Justice Center
50 North Main
Paris, TX 75460

/s/ Cynthia W. Cole
CYNTHIA W. COLE

CAUSE NO. 10919

| RUBY BRITT | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| VS. | § | DELTA COUNTY, TEXAS |
| | § | |
| STATE FARM MUTUAL AUTOMOBILE | § | |
| INSURANCE COMPANY | § | 62ND JUDICIAL DISTRICT |

## AFFIDAVIT OF KIMBERLY BOUDREAUX IN SUPPORT OF DEFENDANT'S MOTION TO SET ASIDE APRIL 15, 2016 DEFAULT JUDGMENT AND MOTION FOR TRIAL BY JURY

STATE OF TEXAS §

COUNTY OF Fort Bend §

BEFORE ME, the undersigned authority, on this day personally came and appeared: Kimberly Boudreaux, known to me to be the person whose name is subscribed to this document, and after being duly sworn by me, deposed and stated as follows:

"My name is Kimberly Boudreaux. I am over the age of 18 years, competent to make this Affidavit, and have never been convicted of a felony or crime involving moral turpitude. The facts stated in this affidavit are within my personal knowledge and are true and correct."

"I am currently a Team Manager for State Farm Mutual Automobile Insurance Company."

"Regarding the service of the Original Petition of the plaintiff in this proceeding, a clerical error in our monitoring system prevented State Farm from making an appearance in this case. State Farm's neglect in filing an answer to this lawsuit was a result of a mistake, and was not a result of conscious indifference."

FURTHER, AFFIANT SAYETH NOT.

_____
KIMBERLY BOUDREAUX

SWORN TO AND SUBSCRIBED BEFORE ME
The undersigned Notary, on this, the 10 day of
May, 2016, to certify which my and hand and
seal of office.

_____
NOTARY PUBLIC
My Commission Expires: 3-8-17

JACKIE JANCZAK
My Commission Expires
March 8, 2017

# EXHIBIT "2"

REPORTER'S RECORD
VOLUME 2 OF 2 VOLUME
TRIAL COURT CAUSE NO. 10919

RUBY BRITT                          )   IN THE DISTRICT COURT
                                    )
VS.                                 )   DELTA COUNTY, TEXAS
                                    )
STATE FARM MUTUAL                   )
AUTOMOBILE INSURANCE                )
COMPANY                             )   62ND JUDICIAL DISTRICT

* * * * *

*** DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT ***
AND
MOTION FOR NEW TRIAL BY JURY

* * * * *

On the 3rd day of June, 2016, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Will Biard, Judge presiding, held in Cooper, Delta County, Texas;

Proceedings reported by machine shorthand.

ANNA M. UPCHURCH - OFFICIAL COURT REPORTER - (903) 737-2434

APPEARANCES

MR. MICHAEL D. MOSHER
The Law Office of Michael D. Mosher
SBOT NO. 14580100
The Mosher Justice Center
50 North Main
Paris, Texas 75460
Phone: (903)785-4721

ATTORNEY FOR THE PLAINTIFF

MS. CYNTHIA W. COLE
Stephen W. Johnson and Associates, P.C.
SBOT NO. 24035579
Founders Square
900 Jackson Street, Suite 120
Dallas, Texas 75202
Phone: (214)748-4747

ATTORNEY FOR THE DEFENDANT

(June 3, 2016)

THE COURT: This is Cause Number 10919, Britt versus State Farm Mutual. We're here on Motion for New Trial.

MS. COLE: Yes, Your Honor. Good morning.

THE COURT: Good morning. What have we got?

MS. COLE: It's my motion. Cindy Cole for State Farm. This accident -- this is an underinsured motorist claim with State Farm. The accident occurred July 5, 2011. Demand was made on February 19, 2015, to State Farm. It was denied within 30 days on March 26, 2015. Statute of limitations ran on 7/6/15. This case was filed three months later on 10/15/15. It was served five months after that -- so we're now eight months past statute -- on State Farm through its corporate, you know, that process server kind of thing. The answer deadline based on the date it was served to our representative -- our registered agent would have been April 11, 2016. Four days later a default judgment was entered by this Court. Within the 30 days required by the Rule, we filed our Motion to Set Aside Default Judgment and for a New Trial on May 10 of 2016.

Craddock, the Supreme Court case, requires we file our motion timely, which we did. It requires

that we submit an affidavit, which is uncontroverted evidence, that this was not the act of conscious indifference but rather a mistake. Because this case was past statute, it went into a place in the State Farm system where it wasn't -- somehow the monitoring system failed to pick up the filing and, therefore, allow for a timely answer. We filed the affidavit of Kimberly Boudreaux from State Farm with our motion on 5/10.

The other requirement of Craddock is that we set up a meritorious defense. Our defenses are in the motion, obviously, beyond statute, the pleading was not verified, and therefore, shouldn't be a basis of a default judgment, and we have denied coverage for reasons that have been made known to Ms. Britt through our denial on March 26, 2015. There's also, we would suggest, no injury to the Plaintiff by allowing this case to proceed on its merits considering that she waited five years to get us served. She's obviously not in that big of a hurry, and a trial on the merits is what is contemplated by the filing of her lawsuit anyway.

So with those said, we would ask the Court to set aside the default judgment and allow us to proceed on the Court's regular docket with the trial on the merits.

THE COURT: Okay. Mr. Mosher.

MR. MOSHER: Couple of things, Your Honor. First of all, you must plead and prove meritorious defense. The pleading of meritorious defense must be in here. There must be an affidavit supporting that. That's key on Ivy. There is no pleading of a meritorious defense. This is the first time we heard it today. That's not a pleading. There's no proof of meritorious defense.

Moreover, the statute of limitations for underinsured motorist coverage begins to run when the claim is denied. The claim was denied on 3/25/2015. The -- this was filed less than a year after the claim was denied. There is no statute of limitations defense. And had it been raised in the pleadings, it could have been dealt with rather simply. Nevertheless, because it wasn't raised in the pleadings, because there is no evidence in the form of an affidavit or other testimony that would support it or any other evidence, this case is as a matter of law this Court cannot grant a motion for new trial under these facts.

This is Ivy. Ivy says the same thing every other case has said, you must plead and prove not merely excusable neglect, which must be done with specifics rather than the affidavit, which I don't think their affidavit is even good on that. But certainly,

there is nothing about a meritorious defense anywhere in their pleadings or anywhere in their proof. Their affidavit goes only -- it is a conclusory affidavit that simply says we goofed, honest; therefore, let us reverse it. That's not adequate even as an affidavit on the excusable neglect, but there is nothing about a meritorious defense in those pleadings. There's nothing about a meritorious defense in the evidence.

If it were in there, it would have to be wrong, but it's not in there at all since as the counsel has identified the claim wasn't denied until 3/25/2015 which is the beginning of the statute of limitation. Statute of limitations doesn't run from the time of the accident and an underinsured motorist coverage. It runs from the denial of the underinsured motorist claim.

MS. COLE: Your Honor, we would be happy to address the statute of limitation issue at the appropriate time. It would be once we raise it in our answer and then he has the right to respond to it. The affidavit is sufficient. I'll suggest that no response was even filed to our motion to set aside, so whether or not he's allowed to even present his events today is questionable. Our defense is plead if you -- a meritorious defense is plead, number 10 in our paragraph it says -- in our pleading it says that the default

judgment needs to be set aside because the pleadings were not verified. That's a requirement.

And also if you look in the first and second paragraphs -- actually first through five, we explain that. We explain that the case should be -- that our defenses that coverage is denied and we explained to her in detail why that has happened. We do not believe that our affidavit is required to cover anything other than the fact that this case was not answered because of excusable neglect. Our system simply just missed it, and that's a clerical error. It is not conscious indifference; and therefore, we're entitled to a trial.

MR. MOSHER: Your Honor, that's -- not only is that totally wrong, but this Court -- a verified pleading is only good if that's what you're using to get your default judgment. We came here and had a hearing. We had evidence under oath that supported the entire amount of the claim. We had someone testifying live under oath.

MS. COLE: A hearing that we didn't have any notice of, Your Honor.

MR. MOSHER: Under those circumstances the pleading doesn't need to be verified. You don't have to verify a pleading unless that's what you're using to support your damages.

MS. COLE: Your Honor, again, four days --

THE COURT: Is the Defendant prepared to reimburse Plaintiff for his attorney's fees?

MS. COLE: Yes, Your Honor, of course.

THE COURT: What is that amount?

MR. MOSHER: 1500.

THE COURT: The Court will grant the Motion to Set Aside the Default and grant a new trial, and Defendant will be ordered to pay Plaintiff's attorney's fees in the amount of 1500 --

MS. COLE: Your Honor, I have an order. Can we just write in $1500 so we can get it signed today? It's the one I filed with my motion but I'm happy to let you have a copy as well.

THE COURT: The Court has handwritten in the Defendant is ordered to pay $1500 reasonable attorney's fee to the Plaintiff. Is that sufficient?

MS. COLE: Do you want the check made out to both of y'all?

MR. MOSHER: No. Just to me.

MS. COLE: Just to you. Okay. We're good. Thank you.

THE COURT: I will put to Plaintiff's counsel.

MS. COLE: Okay. That would be helpful.

MR. MOSHER: I am my firm.

MS. COLE: Just you?

MR. MOSHER: I have an associate that works for me, but the firm is me.

THE COURT: Thank you, counsel.

MS. COLE: Thank you, Your Honor. May we be excused?

THE COURT: Yes, ma'am.

MS. COLE: Thank you, Your Honor.

(End of proceedings)

REPORTER'S CERTIFICATE

THE STATE OF TEXAS     )
COUNTY OF LAMAR        )

I, Anna M. Upchurch, Official Court Reporter in and for the 62nd District Court of Delta County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $55.00 and was paid by Mr. Michael D. Mosher.

WITNESS MY OFFICIAL HAND this the 30th day of August, 2016.

/s/Anna M. Upchurch_____
Anna M. Upchurch, Texas CSR 3965
Expiration Date:  12-31-2016
Official Court Reporter
62nd District Court
Lamar County, Texas
119 North Main Street
Paris, Texas 75460
(903) 737-2434

# EXHIBIT "3"

Filed: 10/15/2015 10:20:34 AM
Accepted: 10/15/2015 2:32:15 PM
Jane Jones
Clerk, County/District Court
Delta County, Texas
Grace Crabb

## CAUSE NO. _____

| | | |
|---|---|---|
| **RUBY BRITT** | ) | **IN THE DISTRICT COURT** |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **VS.** | ) | **DELTA COUNTY, TEXAS** |
| | ) | |
| **STATE FARM MUTUAL AUTOMOBILE** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **DEFENDANT** | ) | **_____JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE DISTRICT COURT:

Plaintiff, Ruby Britt, hereby file this her Original Petition complaining of State Farm

Mutual Automobile Insurance Company (State Farm), Defendant, as follows:

### I. DISCOVERY CONTROL PLAN

1.      As required by Rule 190, discovery is intended to be conducted under Level 2.

### II. PARTIES AND VENUE

2.      Plaintiff, Ruby Britt, is an individual residing in Delta County, Texas.

3.      Defendant, State Farm Mutual Automobile Insurance Company, is a corporation

authorized to provide insurance in the State of Texas. Service can be obtained on Defendant,

State Farm Mutual Automobile Insurance Company , by serving its registered agent.

4.      Venue is proper in Delta County, Texas, because this is the place where all

Plaintiffs reside and where the cause of action arose.

## III. BACKGROUND FACTS

5.    Luther and Ruby Britt were involved in an automobile accident on July 5, 2011 in Delta County, Texas.

6.    They were traveling Southbound on Texas State Highway 24 just after 10:00 in the morning when the driver of another car pulled out of his driveway in front of them. They were forced to take evasive maneuvers, careened off a steel culvert, and flew through the air until they finally came to rest in someone's front yard.

7.    As a result of the accident they have sustained physical and mental damages, pain and suffering, medical expenses, actual damages to their vehicle, and time lost from work.

8.    They employed the services of Gregg Price, a Sulphur Springs, Texas attorney to represent them as their attorney to prosecute an action to recover damages for their injuries.

9.    Greg Price filed suit against the other driver on October 3, 2011. Greg Price eventually obtained a pay-out from the other driver's insurance carrier for both of the Britts. However, the other driver had only a minimum policy, meaning that the maximum possible payout for the Britts was $25,000 per person involved in the accident, and a maximum of $50,000 per accident.

10.    Ruby Britt's damages were substantial and far outstripped the minimal coverage provided by the other driver's policy.

## COUNT I:

## UNDERINSURED MOTORIST COVERAGE CLAIM
## AGAINST STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

11.    Plaintiff hereby incorporates the above paragraphs as though fully set forth herein.

12.    On July 5, 2011, Plaintiff Ruby Britt had a contract for underinsured motorist coverage with Defendant State Farm.

13.    Defendant State Farm issued Policy Number L088-490-43T-003 to Luther Britt and Ruby Britt. This policy allowed for Underinsured Motorist protection for a 2002 Dodge SLX.

14.    On July 5, 2011 Luther and Ruby Britt were traveling southbound on Texas State Highway 24.

15.    Herbert Parsons exited his driveway onto State Highway 24 directly in front of the car Luther and Ruby Britt were traveling in.

16.    Without enough time to stop, and a blocked shoulder, Luther was forced to drive their car off the road.

17.    As a direct and proximate result of the negligence and carelessness of Herbert Parsons, Ruby Britt has suffered pain, suffering, serious injuries, medical expenses, and economic damages now and in the future.

18.    At the time of the accident, Herbert Parsons did not have sufficient coverage for the damages suffered by Plaintiff, Ruby Britt.

19.    Plaintiff, Ruby Britt, has made demand on State Farm for compensation under her underinsured motorist coverage plan in a letter dated February 19, 2015. State Farm denied that coverage in a letter dated March 26, 2015.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Ruby Britt respectfully requests this court to enter judgment against Defendant, State Farm Mutual Automobile Insurance Company, in an amount that is fair and reasonable for her costs and expenses incurred, attorney's fees, and for other such relief as the court deems necessary but less than $75,000.

Respectfully submitted,

THE LAW OFFICE OF
MICHAEL D. MOSHER


/s/ Michael D. Mosher
MICHAEL D. MOSHER
STATE BAR NO. 14580100
THE MOSHER JUSTICE CENTER
50 NORTH MAIN
PARIS, TEXAS   75460
(903) 785-4721 TELEPHONE
(903) 785-5319 FAX
E-MAIL: mdm@mosherjusticectr.com

DATE:  October 15, 2015



**EXHIBIT "4"**

REPORTER'S RECORD
VOLUME 1 OF 2 VOLUME
TRIAL COURT CAUSE NO. 10919

RUBY BRITT                    )    IN THE DISTRICT COURT
                             )
VS.                          )    DELTA COUNTY, TEXAS
                             )
STATE FARM MUTUAL            )
AUTOMOBILE INSURANCE         )
COMPANY                      )    62ND JUDICIAL DISTRICT

* * * * *

*** DEFAULT JUDGMENT ***

* * * * *

On the 15th day of April, 2016, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Will Biard, Judge presiding, held in Cooper, Delta County, Texas;

Proceedings reported by machine shorthand.

A P P E A R A N C E S

MR. MICHAEL D. MOSHER
The Law Office of Michael D. Mosher
SBOT NO. 14580100
The Mosher Justice Center
50 North Main
Paris, Texas 75460
Phone:   (903)785-4721

                ATTORNEY FOR THE PLAINTIFF

(April 15, 2016)

THE COURT: Good morning. This is Cause Number 10919.

Ma'am, can you raise your right hand?

(Witness sworn)

THE COURT: And the Court is going to take judicial notice of the Court's file including the return of service of citation on Defendant who has failed to file an answer or otherwise appear.

MR. MOSHER: Thank you, Your Honor.

DIRECT EXAMINATION

BY MR. MOSHER:

Q. Would you state your name for the record please?

A. Ruby -- Ruby Nell Britt.

Q. And you were involved in an auto accident on or about July 5, 2011?

A. That is correct.

Q. And would you describe for the Court what happened in that auto accident, just a little bit?

A. Well, we was on our way to Commerce. My husband was the driver. And then from the left a man just came out and -- and hit us, and he had to go into a ditch to avoid the accident.

Q. And you crashed into the ditch, and you were

severely injured and so was your husband?

A. Yes. That is right.

Q. And you had to -- you were taken by emergency services at that time to the hospital?

A. Well, later. We didn't realize how bad we was hurt until we got home. Then we drove to Commerce.

Q. And you filed the lawsuit against the person who injured you in that lawsuit -- Henry -- Herbert Parsons?

A. That is correct.

Q. And Herbert Parsons' insurance company paid the maximum of the insured amount of that settlement?

A. That is right.

Q. And that did not cover all of your pain and suffering and other injuries?

A. That's right.

Q. And so you made a demand on State Farm on your uninsured -- underinsured motorist claim. Is that correct?

A. Uh-huh. That is correct.

Q. And State Farm refused to pay that claim?

A. Uh-huh.

Q. Is that correct?

A. That's correct.

Q. And so we filed suit on the basis of that

claim. Is that correct?

A. That's correct.

Q. Now, in connection with that lawsuit your medical bills exceeded seven -- exceeded -- exceeded $6,000, did they not?

A. Uh-huh.

Q. And you had to go to a number of treatments at the Texas Back Institute?

A. That's right.

Q. And you incurred a number of expenses getting to and from the Texas Back Institute?

A. Uh-huh.

Q. And do you still suffer from and have pain and suffering arising --

A. Yes.

Q. Would you tell the Court about what all is happening to you now, what you still have as residual -- residual injuries after the accident some six years later?

A. Yes. I -- it's hard for me to do my work at home; and even when the weather changes and all, it affects --

Q. And what all -- your back was injured, am I correct?

A. Right, my lower.

Q.   Your lower back?

A.   Uh-huh.

Q.   You didn't -- did you already have some back injury before and this increased them or you had no problems at all?

A.   No.  No problems at all.

Q.   Since that time you've had significant problems with your back?

A.   That is right.

Q.   And they've never gone away?

A.   Never gone away.

Q.   And you haven't -- are you still getting any treatment for that back?

A.   Not as of right now.

Q.   Not as of right now.  Okay.  And you're asking the Court to award you $50,000 on the underinsured motorist policy.  Is that correct?

A.   Uh-huh.

Q.   You need to say yes.

A.   Yes.

MR. MOSHER:  We will pass the witness, Your Honor.

THE COURT:  Anything further?

MR. MOSHER:  No, Your Honor.

THE COURT:  Okay.  All right.  Ma'am,

based on your testimony, the Court is going to find that -- the Court is going to grant your request, and the Court is going to award you $50,000 payable by Defendant based on your claim on the underinsured motorist coverage that you had.

MR. MOSHER: Your Honor, I believe this is -- because this is underinsured motorist coverage, I believe attorney fees are appropriate under a breach of contract, so I would like to testify as to reasonable and necessary attorney fees.

(Witness sworn)

MR. MOSHER: Your Honor, the reasonable and necessary attorney -- I am a lawyer licensed to practice in the State of Texas and the State of New York, and I've been practicing law for approximately 30 years. And I'm familiar with reasonable and necessary attorney's fees in this area, and I believe under the circumstances of this case, what needed to be done in this case, the reasonable and necessary attorney's fees would be the amount of $5,000.

THE COURT: The Court does find a reasonable and necessary attorney's fee in the amount of $5,000, and the Court will enter that award.

And we're off the record.

(End of proceedings)

REPORTER'S CERTIFICATE

THE STATE OF TEXAS      )
COUNTY OF LAMAR         )

I, Anna M. Upchurch, Official Court Reporter in and for the 62nd District Court of Delta County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $50.00 was paid by Mr. Michael D. Mosher.

WITNESS MY OFFICIAL HAND this the 30th day of August, 2016.

/s/Anna M. Upchurch_____
Anna M. Upchurch, Texas CSR 3965
Expiration Date:  12-31-2016
Official Court Reporter
62nd District Court
Lamar County, Texas
119 North Main Street
Paris, Texas 75460
(903) 737-2434



# EXHIBIT "5"

CAUSE NO. 10919

| | | |
|---|---|---|
| RUBY BRITT | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | DELTA COUNTY, TEXAS |
| | § | |
| STATE FARM MUTUAL AUTOMOBILE | § | |
| INSURANCE COMPANY | § | 62ND JUDICIAL DISTRICT |

## ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE APRIL 15, 2016 DEFAULT JUDGMENT AND MOTION FOR TRIAL BY JURY

On __J-c 3__, 2016 came on for consideration, *Defendant's Motion to Set Aside April 15, 2016 Default Judgment and Motion for Trial by Jury*. Having considered the Motion and the arguments of counsel, the Court is of the opinion that Defendant State Farm Mutual Automobile Insurance Company's *Motion to Set Aside April 15, 2016 Default Judgment and Motion for Trial by Jury* should be GRANTED.

IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED that the Default Judgment entered by this Court on April 15, 2016 is set aside.

IT IS FURTHER ORDERED ADJUDGED, AND DECREED that a new trial on this matter will be conducted after an adequate time for discovery. Defendant is ordered to pay $1,500 is in reasonable attorney's fees to Plaintiff Coun.

SIGNED this the __3__ day of June, 2016

JUDGE PRESIDING

JUN 20 2016

ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE
APRIL 15, 2016 DEFAULT JUDGMENT AND MOTION FOR TRIAL BY JURY          Solo Page

# EXHIBIT "6"

CAUSE NO. 10919

| | |
|---|---|
| RUBY BRITT | ) IN THE DISTRICT COURT |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| VS. | ) DELTA COUNTY, TEXAS |
| | ) |
| STATE FARM MUTUAL AUTOMOBILE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| DEFENDANT | ) 62ND JUDICIAL DISTRICT |

## DEFAULT JUDGMENT

On the 15th day of April, 2016, came on to be heard the above styled and numbered cause, wherein Ruby Britt, Plaintiff, appeared in person and by and though his attorney of record. Defendant, State Farm Mutual Automobile Insurance Company, although duly and property cited, did not appear and wholly made default. Plaintiff is therefore entitled under Rule 239 of the Texas Rules of Civil Procedure, to a default judgment. After hearing the evidence as to Plaintiff's damages, it is determined that Ruby Britt, Plaintiff, has been damaged in the total amount of $ 50,000 together with reasonable and necessary attorney's fees in the amount of $ 5,000.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff recover the sum of $ 55,000 from Defendant, State Farm Mutual Automobile Insurance Company, with prejudgment interest at the rate of five percent (5%) per annum and postjudgment interest thereon at the rate of five percent (5%) per annum from the

DEFAULT JUDGMENT
PAGE 1

date of rendition of this judgment until paid. All costs of suit are hereby taxed against the Defendant for all of which let execution issue.

SIGNED AND ENTERED on this the _____15_____ day of April, 2016.

_____
JUDGE PRESIDING



**EXHIBIT "7"**

**LAW OFFICE OF**

# MICHAEL D. MOSHER

**ATTORNEY**

THE MOSHER JUSTICE CENTER   50 N. MAIN   PARIS, TEXAS   75460
Telephone (903) 785-4721   FAX (903) 785-5319
mdm@mosherjusticectr.com

*Certified Mediator*                                                                        *Also admitted to practice in New York*

August 26, 2016

Mrs Ann Upchurch                                           *VIA FAX # 903/737-2483*
Court Reporter
62nd District Court
Delta County Texas

Re:    ***RUBY BRITT VS.***
       ***STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY***
       ***CS # 10919    62ND DISTRICT COURT, DELTA CO, TX***

Dear Mrs. Upchurch:

By this letter I am again requesting a copy of the transcript of the June 3, 2016 hearing on Defendant's Motion to Set Aside Default Judgment in connection with the above referenced case.  As you know, I made an oral request to you requesting the transcript at the conclusion of the hearing in the courtroom on June 3, 2016.

Additionally, my paralegal Kathi Cunningham has also talked to you on at least three occasions requesting the preparation of the transcript since June 3, 2016.  As I understand it, you were working on an appeal transcript with a large transcript containing several volumes of testimony but you advised that you would provide the transcript to me as soon as you completed the appeal transcript.

Thank you in advance for your cooperation and prompt attention to this matter.  If you have any questions concerning this matter, please feel free to contact this office.

Very truly yours,

Michael D. Mosher

MDM:kgc

# HP Color LaserJet MFP M277dw

# Fax Confirmation

Aug-26-2016  1:41PM

| Job | Date | Time | Type | Identification | Duration | Pages | Result |
|-----|------|------|------|----------------|----------|-------|--------|
| 327 | 8/26/2016 | 1:39:43PM | Send | 9037372483 | 1:12 | 2 | OK |

## THE MOSHER JUSTICE CENTER
### ATTORNEYS AT LAW
50 NORTH MAIN, PARIS, TEXAS 75460
TELEPHONE (903)785-4721    FAX (903) 785-5319

MICHAEL D. MOSHER
*Certified Mediator*
*Admitted to practice in Texas & New York*
mdm@mosherjusticectr.com

ROLAND MOSHER
*Admitted to practice in Texas*
rsm@mosherjusticectr.com

### FACSIMILE TRANSMITTAL

TO:      Mrs Ann Upchurch            *VIA FAX # 903/737-2483*
         Court Reporter
         62nd District Court
         Delta County Texas

Re:      *RUBY BRITT VS.*
         *STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY*
         *CS # 10919   62ND DISTRICT COURT, DELTA CO, TX*

DATE:    August 26, 2016

# PAGES:   2


COMMENTS:


IF YOU HAVE ANY PROBLEMS RECEIVING THIS INFORMATION,
PLEASE CALL 903/785-4721

### CONFIDENTIALITY NOTICE
The information being faxed is confidential and privileged under the law. The use, distribution or copying of confidential information by anyone other than the intended recipient is strictly prohibited. If this communication reaches the wrong person due to transmission problems or other errors, please notify the sender by telephone immediately (you may call collect) and promptly destroy the fax or return it to us. You will be reimbursed for postage or line charges. Thank you.

## Reporter's Records

Tue 9/6/2016 3:05 PM
**From:** "Anna M. Upchurch"
**To:** kathigayle@mosherjusticectr.com



Kathi,

I have the Reporter's Records completed in Cause Nos. 85032 (Greb) and 10919 (Britt).  The cost of the record in 85032 is $325.50 and the cost of the record in 10919 is $105.00.

Thanks.

Anna